O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7245 PSG (FMOx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | Lillie Tatum v. Aurora Loan Services, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Denying Plaintiff's *Ex Parte* Request for a Temporary Restraining Order

Before the Court is pro se Plaintiff Lillie Tatum's ex parte application for a temporary restraining order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I.     Background

On September 1, 2011, Plaintiff Lillie Tatum ("Plaintiff") brought an action for wrongful foreclosure against Defendants Aurora Loan Services ("Aurora"), CBSK Financial Group, American Home Loans, and Quality Loan Services (collectively "Defendants") in this Court. In general, Plaintiff's claims are based on allegedly fraudulent conveyances of title and her assertion that Defendants have no legal interest in her property. *See Compl.*

Plaintiff obtained a loan for the subject property secured by a deed of trust on January 22, 2007. *Ex Parte Appl. for TRO*, Ex. 1. Defendant Aurora first recorded a notice of default on January 6, 2009, after Plaintiff had fallen behind on her payments. *See id.*, Ex. 3. On May 11, 2010, Plaintiff entered into a Special Forbearance Agreement with Defendant Aurora to cure her delinquency. *Id.*, Ex. 5. The agreement stated that Plaintiff would make an initial payment of $2038 on or before June 1, 2010, and thereafter make five consecutive payments of $1,877 on or before the first day of the five months that followed, ending on November 1, 2010. *See id.* Although Plaintiff does not attach a second notice of default, the ex parte application indicates that a second notice of default was recorded on October 27, 2010. *Id.* 2:26-28. On June 21,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7245 PSG (FMOx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | Lillie Tatum v. Aurora Loan Services, et al. | | |

2011, Plaintiff received a notice of trustee's sale indicating that the property would be sold on July 15, 2011.  *See id.*, Ex. 4.  On August 3, 2011, Defendant Aurora filed an unlawful detainer action, which was tried on November 26, 2011.  *Id.* 4:8-13.  The trial court ruled in favor of Aurora on November 26, 2011, and a writ of possession issued.  *Id.* 4:14-18.

On February 17, 2012, the Court issued an Order to Show Cause why the action should not be dismissed due to lack of prosecution.  Plaintiff responded to the OSC on March 1 by filing proof of service of summons, one day before her response was due.  Plaintiff also filed the present ex parte application for a temporary restraining order.  *See* Dkt. # 6.  The application is largely based on Plaintiff's assertion that she cured her default such that sale of the subject property was done unlawfully.  *See id.*  For the reasons that follow, the Court DENIES Plaintiff's ex parte application.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit.  In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

First, the ex parte application fails because Plaintiff has not shown she is without fault in creating the crisis requiring ex parte relief, and that she will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures.  Plaintiff knew of Defendant's election to sell the property nearly nine months ago when she received the notice of trustee's sale on June 21, 2011, and knew at that time that Defendants were going to sell the subject property on July 15, 2011.  Plaintiff also knew Defendants were working to evict her when they filed the unlawful detainer action on August 3, 2011.  Although Plaintiff responded to the action with a complaint for wrongful foreclosure, Plaintiff took no action in her case for over five months, prompting the Court to issue an Order to Show Cause why the action should not be dismissed for lack of prosecution.  *See* Dkt. # 5.  Plaintiff then waited until the day before the due date to file her response, along with the present ex parte application, notwithstanding that the unlawful detainer action was resolved in favor of Defendant on November 26, 2011, over three months ago.  Plaintiff offers no explanation for her dilatory conduct and refusal to pursue her rights prior

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7245 PSG (FMOx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | Lillie Tatum v. Aurora Loan Services, et al. | | |

to this application for an emergency temporary restraining order.

Even if the court were to excuse the delay, Plaintiff does not allege an actual emergency. Plaintiff simply states that the trial court ruled in favor of Defendant Aurora in the unlawful detainer action over three months ago, and now "Plaintiff expects the sheriff to serve the five-day lockout notice at any time." *Ex Parte Appl. for TRO* 4:17-18. In sum, Plaintiff wholly fails to plead facts demonstrating the delay was due to excusable neglect, and therefore has not shown that she is without fault in creating the crisis, if any, that warrants ex parte relief. *See Mission Power*, 883 F. Supp. at 492.

Moreover, were the court to reach the merits, the ex parte application would still fail as the inconsistent and incomplete facts do not demonstrate the likelihood of success on the merits necessary for issuance of a temporary restraining order. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Serv.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) (holding that the standard for issuing a temporary restraining order requires that the moving party show "(1) a probability of success on the merits, and (2) the possibility of irreparable injury should the restraining order not issue"). Plaintiff claims that although she cured her default in 2010, Defendants failed to record a rescission of the January 2009 notice of default. *Ex Parte Appl. for TRO* 3:6-9. However, Plaintiff does not provide proof of the sixth and final payment due under the Special Forbearance Agreement, *see id.*, Ex. 6, and indicates that a second notice of default was filed on October 27, 2010. Moreover, the notice of trustee's sale indicates that as of July 2011 Plaintiff had an unpaid balance of $408,241.31, suggesting that Plaintiff may have fallen further behind on her payments when compared to the original loan amount of $356,700 as indicated on the first notice of default. *See id.* Ex. 3, 4. Plaintiff does not explain these discrepancies. Furthermore, although Plaintiff attempted to provide the case number for her unlawful detainer case, the case number supplied is erroneous. *See TRO* 2:11-14. In light of the inconsistencies and incomplete information, Plaintiff has failed to show the likelihood of success on the merits required for issuance of a temporary restraining order. *See Cal. Indep. Sys.*, 181 F. Supp. 2d at 1126.

IV. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's ex parte application for a temporary restraining order.

**IT IS SO ORDERED.**